No. 9340.

## JAMES SWEENEY vs. HENRY OTIS.

Wharfage dues are not taxes or duty of tonnage, or regulations of commerce, or obnoxious to the Constitution of the United States, but are lawful charges for conveniences furnished to commerce.

Neither are they a tax, toll, or impost, within the meaning of the State Constitution.

The Supreme Court has no jurisdiction over a cause, in which such dues are claimed, for an amount below that fixed as the inferior limit of its jurisdiction.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*Chas. S. Rice* for Plaintiff and Appellee.

*W. S. Benedict* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant appeals from a judgment condemning him to pay to plaintiff $256.11 for landing and levee dues.

Among the defenses raised, the defendant has set up one which is designed to provoke a judgment on the merits, if we have jurisdiction of the case and without which he could not be heard here.

He claims that the charges sued for are in effect a tax, or duty of tonnage, or a regulation of commerce, forbidden by and in conflict with the Constitution of the United States and, therefore, null and void.

Article 81 of the Constitution of this State, vests this Court with jurisdiction over cases in which the constitutionality or legality of any tax, toll, or impost whatever, imposed by a municipal corporation, shall be in contestation, whatever may be the amount thereof and authorizes this Court to pass on both the law and the facts, in such cases.

The plaintiff claims to be entitled to the dues, as transferee of the rights of a lessee of the city of New Orleans who, under an adjudication and a contract, had acquired the lease of the landings on the river in the sixth and seventh districts, and collect such dues under a city ordinance.

The dues claimed cannot be considered in the light of a tax, duty of tonnage, or a regulation of commerce, or even as a tax, toll or impost, imposed by a municipal corporation, as claimed by the defendant. His viewing them as such, does not make them to be such. It is only if such charges or dues could be treated as a tax, duty of tonnage, or a regulation of commerce, or as such tax, toll or impost, as urged by the defense, that this Court could have jurisdiction over the cause.

In the case of the Transportation Co. vs. Parkesburg, 107, U. S. S. C. 695, 698, the court said :

"When the Constitution declares that 'no State shall, without the consent of Congress, lay any duty of tonnage;' and when Congress, in Sec. 4220 of the Revised Statutes, declares that 'no vessel belonging to any citizen of the United States, 'trading from one port of the United States to another part 'of the United States     *     *     shall be subject to any 'tonnage, tax or duty, if such vessel be licensed, registered or 'enrolled—they mean by the phrases 'duty of tonnage' and 'tonnage, tax or duty,' a charge, tax or duty on a vessel for the privilege of entering a port.     *     *     It has nothing to do with wharfage, which is a charge against a vessel for using, or *lying at a wharf or landing.* The one is imposed by the government, the other by the owner of the wharf or landing."

(Page 695.) "It is conceded by the bill that the wharf for the use of which the charges are made, though public in the sense of being open to the use of the public, belongs to the city of Parkesburg; that it was built and is maintained by the city as its property; and the ordinance *on its face* shows that the charges imposed for *landing at* or using it are imposed *as and for wharfage and nothing else.* It may be extortionate in amount, but it *is* wharfage. The allegations of the bill that it is not real wharfage, but a duty of tonnage, in the name and under the pretext of wharfage, cannot be received against the terms of ordinance itself."

In the case of Police Jury of Plaquemines parish vs. Mitchell, No. 9259, decided here, in January last, this Court held : that the claim of a parish against a riparian owner for costs in making and repairing the public levee and the public roads on the owner's property, is not a tax, toll, or impost, within the purview of the Constitution and, as the amount of the claim was below the inferior limit of an appellate jurisdiction, we dismissed the appeal.

In the present instance, relying on the ruling in 107, U. S. S. C. 695, and on other precedents which it is unnecessary to enumerate, we conclude that, as the claim is for wharfage dues, which are not taxes of tonnage, or regulations of commerce, or obnoxious either to the Federal or State Constitution; but are lawful charges, for conveniences furnished to commerce and as the amount claimed does not exceed $2000, this Court has no jurisdiction over it.

We will take occasion to observe that neither, at the institution of this suit, in December, 1882, nor at the determination thereof in December, 1884, had this Court any jurisdiction over it and that it cannot now consider it.

It is, therefore, ordered and decreed that the appeal herein be dismissed with costs.